(No. 4235-

ELDON B. DAWSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1951.*
*Petition of Respondent for rehearing denied July 6, 1951.*

James O. Monroe, Jr., Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant in this case seeks an award for contracting active pulmonary tuberculosis under Section 3 of the Workmen's Occupational Diseases Act.

The record consists of the complaint, Departmental Report, amended complaint, Supplemental Departmental Report, transcript of the evidence, order of the Chief Justice of this Court granting claimant an extension of thirty days in which to file abstract and brief, statement, brief and argument of claimant, abstract of evidence, statement, brief and argument of respondent, order of the Chief Justice of this Court granting claimant an extension of time to November 12, 1950 in which to file reply brief, and claimant's reply brief.

The record shows that Eldon B. Dawson is a widower with one child apparently under the age of 16. Date of birth is given as June 2, 1895. He entered State service on October 15, 1942, and was assigned to the farm detail as a truck driver at the Alton State Hospital. At the time of his employment the physical examination of his chest was negative, and the X-Ray examination performed on December 8, 1943 revealed pulmonary fibrosis without evidence of active lung pathology. Mr. Dawson was found to have active tuberculosis with a positive sputum on October 25, 1948, and was admitted to the Madison County Sanitarium.

Claimant drove the garbage truck on occasions when the regular truck driver was off duty. Mr. Dawson was required to work with mental patients diseased with tuberculosis, who talked, spat and coughed near him.

4

This Court held in the case of *Helen M. Kaspari* vs. *State*, No. 4221, as follows:

"To be entitled to compensation under the Workmen's Occupational Diseases Act, a claimant must show that respondent violated:

1. A rule or rules of the Industrial Commission made pursuant to the Health and Safety Act.
2. A statute of this State intended for the protection of the health of employees. (*Domke* vs. *State*, 12 C.C.R. 451.)"

The Departmental Report filed on May 24, 1950, which has become a part of this record by the rules of the Court, states as follows:

"The claimant was permitted to have one day's rest during each calendar week, except during March, 1947 when he worked a full month without a day off in view of the shortage of help."

Claimant is entitled to the benefits of "An Act to Promote the Public Health and Comfort of Persons Employed by Providing One Day of Rest in Seven", which provides, among other things, that an employee shall be allowed at least twenty-four consecutive hours of rest in every calendar week in addition to the regular period of rest allowed at the close of each working day. Ill. Rev. Stat., 1949, Chap. 48, Sec. 8b; *Domke* vs. *State*, 12 C.C.R. 451.

That such statute has been violated is shown by respondent's Departmental Report, and such violation is negligence on the part of respondent under Section 3 of the Workmen's Occupational Diseases Act.

Claimant is, therefore, entitled to an award.

As to damages, there is evidence in the record to the effect that, with continued sanitarium confinement and medication, claimant's tuberculosis may become permanently arrested. We, therefore, conclude that

5

claimant, Eldon B. Dawson, is entitled to an award of $2,000.00.

Henry P. Keefe, Court Reporter, was employed to take and transcribe the testimony before Commissioner Summers. Charges in the amount of $40.75 were incurred, which are reasonable and customary, and an award is entered in favor of Henry P. Keefe for $40.75.

An award is entered in favor of claimant, Eldon B. Dawson, in the amount of $2,000.00.